1

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------X   CIVIL ACTION NO.   23CV6227
NAILA FARZANA,
MAISHA SABA,

                                        Plaintiffs,
*on behalf of themselves and all others similarly situated*,    **COLLECTIVE & CLASS
ACTION COMPLAINT**

                             -against-

M AND N HOME CARE SERVICES, LLC,

                                       Defendant.
---------------------------------------------------X

**PLEASE TAKE NOTICE** that Plaintiffs, on behalf of themselves and all others similarly situated, as and for a Collective and Class action Complaint against Defendant, allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs bring this Collective and Class action on behalf of similarly situated hourly employees (the "Collective"), to seek redress for late and/or non-payment of minimum and overtime wages against Defendant, who is a provider of home care services in and around the City of New York and its metropolitan area.

2. Defendant, by failing to pay promptly and completely Plaintiffs, the Collective and the Class the federal and state mandated minimum and overtime wage, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq* and the New York Labor Law ("NYLL") §§ 650 *et seq*.

3. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former hourly employees of Defendant since September 1, 2020 who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendant's violations of the wage and hour provisions of the FLSA which deprived Plaintiffs and others similarly situated of prompt, complete payment of their lawful minimum and overtime wages.

4. Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former hourly employees of Defendant since September 1, 2017 who elect to not opt out of this action pursuant to the NYLL, to remedy Defendant's violations of the wage and hour provisions of the NYLL which deprived Plaintiffs and others similarly situated of prompt and complete payment of their lawful minimum and overtime wages.

5. Plaintiffs hereby seek legal and declaratory relief against Defendant pursuant to the FLSA and NYLL.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a) as Defendant resides, conducts business and employed Plaintiffs in this judicial district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

9. Plaintiffs Naila Farzana and Maisha Saba are adult individuals who, at all times relevant to this Complaint, have been resident citizens of the state of New York, County of Bronx.

10. At all times relevant to this Complaint, Plaintiffs were employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL §§ 651 and 190.

11. At all relevant times, Defendant employed Plaintiffs within the meaning of the FLSA and NYLL.

Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, dwims@wimslaw.com, http://www.wimslaw.com.

12. Defendant M and N Home Care Services, LLC ("MandN") is a domestic limited liability company doing business within the state and City of New York that maintains its principal place of business at 168-29 Hillside Avenue, 2nd floor, Queens, NY 11432.

13. Defendant was at all times herein relevant an enterprise engaged in and/or affecting interstate commerce with annual revenues in excess of $500,000.00 and Plaintiffs and others worked for Defendant in interstate commerce using the mails and wires and handling items which moved in interstate commerce, including but not limited to medical equipment, medical supplies, medical instruments, pens, papers, two-way radios, computers, office furniture, office equipment, office supplies, telephones, *inter alia*.

**STATEMENT OF FACTS**

14. Defendant at all relevant times herein employed Plaintiffs as Home Attendants in New York, NY.

15. Plaintiffs worked for Defendant from February 2017 until November 2022, Monday through Friday.  Plaintiffs spent most of their work time on their feet, walking, standing, cleaning, handling files, papers, equipment and supplies.

16. The job duties of Plaintiffs, the Collective and the Class included, but were not limited to the following: assisting patients with personal care, medicine administration, toileting, customer service, general labor; heavy and light cleaning and material moving, etc.

17. Defendant had the right to control, and in fact did control, the hours, hourly pay, assignments, and schedule of Plaintiffs, the Collective and the Class. Plaintiffs, the Collective and the Class were paid on a W-2 basis and evaluated by Defendant.

18. At all relevant times, Defendant failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

19. Plaintiffs, the Collective and the Class worked eight (8) or twelve (12) hour shifts for Defendant and at all times herein relevant Defendant required Plaintiffs, the Collective and the Class to attend to and monitor their assigned posts throughout the duration of their respective work shifts; and controlled the manner in which Plaintiffs did so in terms of frequency, priority and documentation, *inter alia*.

20. Defendant at all times monitored Plaintiffs', the Collective's and the Class' compliance with Defendant's guidelines, procedures and policies to ensure compliance therewith in the discharge of Plaintiffs' job duties.

21. Throughout the duration of Plaintiffs' respective tenures, Defendant required Plaintiffs, the Collective and the Class to punch in and out every day in order to track hours worked.

22. Defendant paid Plaintiffs, the Collective and the Class on an hourly basis.

23. Throughout the duration of Plaintiffs' respective tenures, Defendant paid Plaintiffs, the Collective and the Class bi-weekly, and approximately twelve (12) days after the end of the second workweek in each bi-weekly pay period. (Attached as Exhibit 1).

24. At all relevant times, Defendant failed to pay promptly Plaintiffs, the Collective and the Class minimum and overtime wages each week, in violation of the overtime provisions of the FLSA and NYLL.

25. For example, during the week of 11/23/2020-11/29/2020, Plaintiff Farzana worked 24.5 hours.  Defendant paid Plaintiff Farzana $441.00 on 12/11/2020.

26. For example, during the week of 9/28/2020-10/4/2020, Plaintiff Saba worked 38.5 hours. Defendant paid Plaintiff Saba $693.00 on 10/16/2020.

27. As part of its regular business practice, Defendant intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and NYLL including but not limited to failing to pay promptly and completely Plaintiffs, the Collective and the Class minimum wage and one and one half times their regular rates of pay for all hours worked in excess of forty (40) per week.

28. Upon information and belief, Defendant's unlawful conduct as described herein was pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

29. Defendant's unlawful conduct has been widespread, repeated and consistent; and was not undertaken based on advice of counsel nor guidance from a competent court or governmental agency.

30. Throughout Plaintiffs' respective tenures, Plaintiffs' delayed, or late paid, wages caused them to incur late fees, interest and other liabilities related to non-prompt payment of their wages, in violation of both the letter and spirit of the FLSA and NYLL.

## COLLECTIVE ALLEGATIONS

31. Plaintiffs bring the FLSA claims on behalf of themselves and all similarly situated persons who worked for Defendant as hourly non-exempt employees since September 1, 2020 ("FLSA Collective").

32. Defendant is liable under the FLSA for failing to properly and promptly pay the minimum wage; and overtime wages for all hours worked greater than forty (40) per week.  As such, notice should be sent to the FLSA Collective.

33. There are numerous similarly situated current and former employees of Defendant who have been similarly under or late paid in violation of the FLSA and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join.

## CLASS ALLEGATIONS

34. Plaintiffs sue on their own behalves and on behalf of a Class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

35. In addition to bringing this action as a proposed Collective action to remedy violations of the FLSA, Plaintiffs also bring this action on behalf of a "Proposed Rule 23 Class", under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of: all current and former hourly employees working for Defendant during the six year period prior to the filing of the complaint.

36. Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendant, the Proposed Class is so numerous that joinder is impracticable.

37. The claims of Plaintiffs are typical of the claims of the Proposed Class, and a Rule 23 Class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

38. The Defendant has acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

39. Plaintiffs have committed himself to pursuing this action and have retained counsel experienced in employment law and Class action litigation.

40. Plaintiffs will fairly and adequately protect the interests of the Proposed Class. Plaintiffs understand that, as Class representatives, they assume a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that Plaintiffs must consider their interests just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class Members.

41. Plaintiffs recognize that any resolution of a Rule 23 Class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and that they may be called upon to testify in depositions and at trial.

42. Plaintiffs have the same interests in this matter as all other members of the Proposed Class, and Plaintiffs' claims are typical of the Proposed Class.

43. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class.

**FIRST CAUSE OF ACTION: MW & OVERTIME (29 U.S.C. §§ 206, 207, 216)**
**(On Behalf of Plaintiffs and Collective Members)**

44. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

45. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

46. Plaintiffs consent to be parties to this action, pursuant to 29 U.S.C. § 216(b).

47. At all times relevant to this action, Plaintiffs and the Collective were employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

48. At all times relevant to this action, Plaintiffs and the Collective were engaged in commerce and Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49. Defendant violated the rights of Plaintiffs and the Collective by failing to pay promptly and completely minimum wage and overtime, in violation of the FLSA, 29 U.S.C. § 206-07.

50. Defendant's failure to pay promptly and completely Plaintiffs, the Collective and the Class minimum wage and overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255.

51. Defendant is liable to Plaintiffs, the Collective and the Class who opt in to this action for their late paid and unpaid minimum wage and overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION: NYLL MW & OVERTIME (Labor Law §§ 652, 663) (On Behalf of Plaintiffs and Class Members)**

52. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

53. At all times relevant to this action, Plaintiffs were Defendant's employees within the meaning of NYLL § 651(5).

54. At all times relevant to this action, Defendant was the employer of Plaintiffs within the meaning of NYLL § 651(6).

55. At all times relevant to this action, Defendant failed to pay promptly and completely Plaintiffs and the Class minimum wage and overtime wages for all hours worked greater than forty (40) per week in violation of NYLL § 652 and 12 N.Y.C.R.R. § 142-2.2.

56. Defendant willfully violated the rights of Plaintiffs and the Class by failing to pay promptly and completely minimum wage and overtime wages due and owing for work performed in violation of NYLL.

57. Due to Defendant's NYLL violations, Plaintiffs and the Class are entitled to recover from Defendant their unpaid and late paid minimum wage and overtime wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 663.

**THIRD CAUSE OF ACTION: NY WAGE THEFT (Labor Law §§ 191, 193, 198)**
**(On Behalf of Plaintiffs and Class Members)**

58. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

59. At all times relevant to this action, Plaintiffs were Defendant's employees within the meaning of NYLL § 190(2).

60. At all times relevant to this action, Defendant was the employer of Plaintiffs within the meaning of NYLL § 190(3).

61. At all times relevant to this action, Defendant failed to pay promptly (weekly) and completely Plaintiffs' and the Class' minimum wage and overtime wages, and/or deducted amounts therefrom, in violation of NYLL §§ 191 and 193.

62. Defendant willfully violated the rights of Plaintiffs and the Class by failing to pay promptly and completely minimum and overtime wages due and owing for work performed in violation of NYLL.

63. Due to Defendant's NYLL violations, Plaintiffs and the Class are entitled to recover from Defendant their unpaid and late paid minimum wage and overtime wages, reasonable attorneys'

fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all others similarly situated, pray for the following relief:

A. That, at the earliest possible time, Plaintiffs be permitted to give notice of this Collective action, or that the Court issue such notice to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as hourly employees. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied promptly paid compensation and/or overtime wages;

B. An award of unpaid minimum wage and overtime, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 216 and New York Labor Law § 663;

C. An award of liquidated damages for all late paid and unpaid minimum wage and overtime pursuant to 29 U.S.C. § 216 and NYLL § 663;

D. Certification of this case as a Collective action pursuant to 29 U.S.C. § 216 and a Class action pursuant to FRCP 23;

E. Designation of Plaintiffs as representatives of the Collective and Class, and counsel of record as Collective and Class Counsel; and

F. Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL.

**DEMAND FOR TRIAL BY JURY**

Pursuant to FRCP 38(b), Plaintiffs demand a trial by jury on all questions of fact.

Dated: Brooklyn, New York

August 18, 2023

                                                 /s/
                            LAW OFFICE OF DAVID WIMS
                            BY: David C. Wims, Esq. (DW-6964)
                            *Attorneys for Plaintiffs*
                            1430 Pitkin Ave., 2nd Fl.
                            Brooklyn, NY 11233
                            (646) 393-9550